# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **WILLIAM A. LINKSWILER** | Criminal Action 7:11-CR-47 (HL) |

## PRELIMINARY ORDER OF FORFEITURE

On December 20, 2011, Defendant William A. Linkswiler (hereinafter "Defendant") pled guilty to Count One of an indictment charging him with Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The Indictment contained a Forfeiture Notice, pursuant to which the United States seeks forfeiture under 18 U.S.C. § 2253, of specific property of Defendant, used and intended to be used, in any manner or part, to commit and promote the commission of the aforesaid violation.

The Court has determined, based on evidence already in the record and Defendant's Plea Agreement: (1) that Defendant has an ownership interest in the property; (2) that the property is subject to forfeiture pursuant to 18 U.S.C. § 2253; and (3) that the United States has established the requisite nexus between the aforesaid offense and the following property:

    a)    Any visual depiction described in Title 18, United States Code, sections 2251, 2251A, and/or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such

visual depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 110;

b) Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from any such offense; and

c) Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

The specific property to be forfeited includes, but is not limited to, the following:

1) One Gateway desktop computer, serial number 0025801511, containing a Seagate 80 GB HDD, serial number 3JVD2QQJ;

2) One Samsung 80 GB HDD, serial number 0415J1FT919477;

3) One Lexar 4 GB thumbdrive; and

4) One e-Machine desktop computer, serial number XC68240009007.

Therefore, upon entry of this Order, the United States Attorney General or his designee is authorized to seize the property, and to conduct proper discovery in identifying, locating or disposing of the property in accordance with FED. R. CRIM. P. 32.2(b)(3) and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

The United States shall publish notice of the Order and its intent to dispose of the property in such manner as the United States Attorney General or his designee may direct. The United States may also, to the extent practicable,

provide written notice to any person known to have an alleged interest in the property.

Any person, other than the Defendant, asserting a legal interest in the property must, within thirty-five days after receipt of notice, or no later than sixty days from the first day of publication on the official internet government forfeiture site, *www.forfeiture.gov*, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n), as incorporated by Title 18, United States Code, Section 2253(b).

Pursuant to FED. R. CRIM. P. 32.3(b)(4), the Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

Any petition filed by a third-party asserting an interest in the property shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

After the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted

in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n), as incorporated by Title 18, United States Code, Section 2253(b), for the filing of third-party petitions.

This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to FED. R. CRIM. P. 32.2(e).

**SO ORDERED,** this 29th day of February, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr